IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 2, 2001

## ISHAAQ (aka ALONZO STEWART) v.
## TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Davidson County
No. 00-107-II    Carol L. McCoy, Chancellor

No. M2000-01957-COA-R3-CV - Filed December 28, 2001

Ishaaq,[1] a prisoner in the Department of Corrections serving a combined 130 year sentence for Class X felonies committed prior to July 1, 1982, seeks to rescind a waiver by which he chose, in 1987, to gain the sentence reduction credit benefits applicable to him under Tennessee Code Annotated section 41-21-236. He seeks to rescind the waiver under the belief that he would thereby become eligible for mandatory parole. The trial judge dismissed his complaint, and we affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Ishaaq (fsn, Alonzo Stewart), Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Pamela S. Lorch, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, et al.

### OPINION

Petitioner filed a Petition for Declaratory Judgment and Judicial Review pursuant to Tennessee Code Annotated section 4-5-225 and Tennessee Code Annotated section 4-5-322 seeking to rescind his waiver, which he executed in 1987 pursuant to Tennessee Code Annotated section 41-21-236. Petitioner was convicted of several armed robberies that he committed prior to July 1, 1982, and he was sentenced under the Class X Felony Law, then in full force and effect pursuant to Tennessee Code Annotated sections 39-1-702 and 39-1-703. By the express terms of these statutes,

---

[1] Petitioner asserts on the first page of his petition that his former slave name was Alonzo Isaac Stewart, which name was legally changed to "Ishaaq" on November 2, 1990.

persons convicted of Class X felonies were not permitted to earn any form of sentence reduction credits.

In granting the motion to dismiss filed by Respondent, the trial judge held:

> The time of Petitioner's conviction is an essential date in determining the law applicable to this case. Prior to July 1, 1982, Petitioner committed armed robbery - a Class X felony and was convicted and sentenced subject to the provisions of T.C.A. § 39-1-703. This section provided that Class X felony sentences would "...not be subject to reduction for good, honor or incentive or other sentence credit of any sort" and that such a sentence would "...(3) terminate or expire only after service of the entire sentence, day for day, under the control and supervision of the State of Tennessee."
>
> The Class X felony statutes were enacted by Chapter 318 of the Public Acts of 1979. Section 20 of the Act, which was then codified as T.C.A. § 40-28-301, provided:
>
>> (a) Notwithstanding any provision of the Tennessee Code Annotated to the contrary, the service of sentence, release eligibility and supervision while on release of a person convicted of a Class X felony **shall be governed exclusively by the provisions of this section**.
>>
>> * * *
>>
>> (d) Except for a life sentence, a person convicted of a Class X felony shall be eligible for consideration for release classification status only after serving forty percent (40%) of the sentence actually imposed by the sentencing court. The term 'forty percent (40%)' as used in this subsection shall be an actual forty percent (40%) of the full sentence imposed undiminished by sentence credits for good, honor or incentive time of any sort.

T.C.A. § 40-28-301(1982 Repl.)(emphasis added).

> Mandatory parole was created by Chapter 624 of the Public Acts of 1974 and codified in pertinent part as T.C.A. § 40-28-117(b) providing:
>
>> (b) Every prisoner who has never been granted a parole by the board on a particular sentence of imprisonment shall be granted a mandatory parole by the board subject to the following restrictions:
>>
>> * * *
>>
>> (2) Prisoners serving a determinate or indeterminate sentence with a maximum term of over ten (10) years as fixed by the court, shall be paroled by the board six (6) months prior to the completion of the

maximum term of sentence less credit for good and honor time and incentive time.

In 1986, T.C.A. § 41-21-236, the sentence reduction credits statute, came into effect. It allowed inmates convicted of class X felonies to earn sentence credits and thereby reduce their sentences by providing that:

(c)(3) Any person who committed a felony, including any class X felony, prior to December 11, 1985 may become eligible for the sentence reduction credits authorized by this section by signing a written waiver waiving his right to serve his sentence under the law in effect at the time his crime was committed. However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person becomes eligible under this subsection.

T.C.A. § 41-21-236 (1997 Repl.) Prior to the enactment of this statute, Petitioner was not able to earn sentence reduction credits of any kind. Clearly, it benefited him to waive into this program when it was enacted in 1986.

Petitioner believes that, although he is a Class X felony offender, he would be eligible for mandatory parole if he rescinded his waiver. However, parole for Class X felony offenders is governed exclusively by T.C.A. § 40-28-301, cited above. This statute permits class X felons to be eligible for parole after serving 40% of the sentence actually imposed by the sentencing court, "undiminished by sentence credits or good, honor or incentive time of any sort." This statute makes no other provision for Class X felons.

In construing statutes, the Court must ascertain and give effect to legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). It must examine the language of a statute and apply its ordinary and plain meaning. *Id.* It must be presumed that the legislature knows of its prior enactments and knows of the existing state of the law at the time it passes legislation. *Wilson v. Johnson County*, 879 S.W.2d 807, 810 (Tenn. 1994); *Riggs v. Burson*, 941 S.W.2d 44, 54 (Tenn. 1997). Since mandatory parole had been in effect since 1974 when the General Assembly passed the Class X felony statutes, the legislature is presumed to have been aware of the provisions of what is now codified as T.C.A. § 40-28-117(b)(2) when it enacted the Class X felony statutes in 1979, providing that: "Notwithstanding any provision of the Tennessee Code Annotated to the contrary, ..."service of sentence, release eligibility and supervision of Class X felons would be governed exclusively by the provisions of the Class X felony law. T.C.A. § 40-28-301 (1982 Repl.).

The Criminal Sentencing Reform Act of 1989, codified at Title 30, Chapter 35 of the Tennessee Code, provides in part: "For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." T.C.A. § 40-35-117(c).

Therefore, former T.C.A. section 40-28-301(a) provided the exclusive law at the time of Petitioner's offense and conviction, which was prior to July 1, 1982, relative to calculating his sentence and release eligibility. For his Class X felony sentence, T.C.A. § 39-1-703 provided Petitioner with no opportunity to accumulate sentence credits but rather mandated that his sentence would "...(3) terminate or expire only after service of the entire sentence, day for day." The Criminal Sentencing Reform Act of 1989 provided for the continued viability and applicability of the sentencing laws in effect at the time of his conviction. Petitioner has never been eligible for mandatory parole under the provisions of T.C.A. § 40-28-117(b).

The order of the Chancellor from which this appeal was perfected was entered July 18, 2000, less than one month following the release of this Court's opinion in *Eslick v. Campbell,* No. M1998-00944-COA-R3-CV, 2000 WL 827964 (Tenn. Ct. App. June 27, 2000). The order of the Chancellor follows the *Eslick* opinion almost verbatim, as it is obvious that Petitioner in this case is in exactly the same position as were petitioners Eslick. All had been convicted of Class X felonies committed prior to July 1, 1982, and for reasons set forth in *Eslick*, Petitioner Ishaaq was never eligible for mandatory parole. Rescinding his waiver executed pursuant to Tennessee Code Annotated section 41-21-236 would not make Ishaaq eligible for mandatory parole.

Finally, the Chancellor held:

Petitioner claims that he was not fully informed of his rights and the law when he signed his waiver in August of 1987 and claims that he may therefore rescind it as invalid. However, because Petitioner never had the right to mandatory parole, he did not give up a right and exercise a "choice" by waiving into the sentence reduction credit statute. Respondent has not infringed on his rights by denying his request to rescind his waiver, as he never had a right to mandatory parole. Therefore Petitioner's contention that his decision to execute the waiver was not "fully informed" is without merit. As a Class X felon, Petitioner has never been nor can he become eligible for mandatory parole. Therefore, his petition fails to state a claim and is, accordingly, dismissed.

The action of the Chancellor in granting the motion to dismiss was clearly correct. *Wilson v. Tennessee Dep't of Corr.*, No. 01A01-9806-CH-00302, 1999 WL 652016 (Tenn. Ct. App. Aug. 27, 1999).

The judgment of the Chancellor is in all respects affirmed, and costs on appeal are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE